## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAUL AVALOS,

        Plaintiff,

vs.                                                                No. CV 22-00119 JB/KBM

MAJOR-R. GLORIA,
et al.,

        Defendants.

## <u>ORDER TO SHOW CAUSE</u>

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e on the Tort Complaint for Damages filed by Plaintiff Raul Avalos on February 18, 2022 ("Complaint").  (Doc. 1).  The Court will order the Plaintiff to show cause why the claims in this case should not be dismissed for failure to exhaust prison administrative remedies.

Plaintiff is an incarcerated prisoner at the Northeast New Mexico Correctional Facility. (Doc. 1 at 4).  Plaintiff filed his Complaint in this Court, on February 18, 2022.  (Doc. 1 at 1). Plaintiff names correctional officials Major R. Gloria, Lieutenant Trujillo, and Warden Gentry Defendants.  (Doc. 1 at 1-3). Plaintiff's Complaint alleges a number of constitutional violations arising out of the conditions of his confinement as a prisoner at the Northeast New Mexico Correctional Facility. (Doc. 1 at 4-6).  Plaintiff seeks damages relief in the amount of $300,000. (Doc. 1 at 5). Plaintiff states that his claims are civil rights claims brought under 42 U.S.C. § 1983 against state or local government officials. (Doc. 1 at 3).

Plaintiff's federal claims are civil rights claims under § 1983.  See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  The Prison Litigation Reform Act provides:

> "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).

Plaintiff acknowledges that Northeast New Mexico Correctional Facility has a grievance procedure available but claims "prison officials always ignores prisoner inmate informal complaints or grievances." Doc. 1 at 6. He claims that the grievance procedures doesn't apply because "they are ignored." (Doc. 1 at 6). Plaintiff did file an inmate informal complaint but asserts "my complaints get 100% denied." (doc. 1 at 7). He also states there were "no results" "but they applied some corporal punishments upon me." (Doc. 1 at 7).

Attached to Plaintiff's Complaint is a form Inmate Informal Complaint. (Doc. 1 at 12). The Informal Complaint states that the date of the incident was January 4, 2022. The Informal Complaint is signed and dated January 16, 2022. (Doc. 1 at 12). In a block for correctional officials' response, the form states "recommend formal grievance" and "due to staff shortage, staff timeliness not met. Refer to formal grievance." The block is signed and dated February 10, 2022. (Doc. 1 at 12). Plaintiff's civil rights Complaint in this case is signed and dated five days later on February 15, 2022. (Doc. 1 at 11). There is no indication that Plaintiff has exhausted the formal grievance procedure.

It appears on the face of the Complaint that Plaintiff has not yet exhausted the prison administrative remedies. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009). The Court will order the Plaintiff to show cause, within thirty (30) days of entry of this Order, why his federal claims should not be dismissed without prejudice under § 1997e for failure of the Plaintiff to exhaust prison administrative remedies. Failure of Plaintiff to respond to this Order or otherwise show cause, may result in dismissal of

Plaintiff's claims without further notice.

**IT IS ORDERED** that Plaintiff Raul Avalos shall **SHOW CAUSE** within thirty (30) days of entry of this Order, why his § 1983 claims should not be dismissed without prejudice for failure to exhaust prison administrative remedies as required under 42 U.S.C. § 1997e(a).

_____
UNITED STATES MAGISTRATE JUDGE